**15-25-00006-CV**

No Cause

Michael Garrett

v.

Directors: Texas Board of Criminal Justice
Department of Criminal Justice
Board of Pardons and Paroles

FILED

January 30, 2025

Fifteenth Court of Appeals
Christopher A. Prine
Clerk of Court

ULTRA VIRES

MANDAMUS TO THE

Fifthteen Court of Appeals

at

AUSTIN TEXAS

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

JAN 3 0 2025

CHRISTOPHER A. PRINE
CLERK

Michael Garrett
Relator
264 FM 3478
Huntsville Texas
77320-3322
Phone: 936 291 4200

## STATEMENT OF CASE

Relator and Party's of interest submit this Ultra Vires mandamus in lieu to remedy the matter of Texas Board of Criminal Justice Director, Texas Department of Criminal Justice Director, and Texas Board of Pardons and Paroles Director, respectfully - for exceeding their granted authority to "interpret and apply a Law", and failing to perform ministerial duty.

## STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to; 2023 Tex SB 1045, Texas Const. Art V §6 and Tex Gv't Code 22.221. Padilla v. McDaniel 122 S.W.3d 805 (Court of Criminal Appeals 2003), and Herrera v Mata 2024, Tex Lexis 1079. Jones v Turner 646 SW3d 319 (Tex 2022).

## ISSUES PRESENTED

### ISSUE ONE

Relator's sentences are to run seperately due to convictions being stacked, yet the Director's: Texas Board of Criminal Justice and Board of Pardons and Paroles are running both sentences as one, violating 1989 Texas House Bill 2335 and Tex Gv't Code § 508.150.

### ISSUE TWO

Relator and Party's of interest whom are "3g" with no affirmative finding of a deadly weapon or prior affirmative findings with accrued time, are being infringed from being Diverted to Residential Halfway housing or Super intensive supervision Program, pursuant to 1989 Tex HB 2335.

## STATEMENT OF FACTS

Relator was seperately convicted to his 1991 and 1992 cases. No affirmative findings were attached to his Judgement of convictions. In 2011

Relator was Paroled on his 1992 conviction before his 1991 conviction case. Both are classified under The, Code of Criminal Procedure 42.12§ 3g. Relator paroled his sentence, however he was not issued; his parole certificate, amount of money to receive, or good time credits.

The 1992 charge was a consecutive sentence, to run independantly to the 1991 charge. Relator has now made his presumptive date to his 1991 case (Relators 1991 case was taken to trial in 1995 thus the cause of the backwards sentencing of order). The Respondants are construing Relator has an affirmative finding to his convictions (thus they placed their own affirmative finding upon Relator's Judgements without Court designated orders. The Respondants; Board of Criminal Justice Director, Department of Criminal Justice Director, and Board of Pardons and Paroles Director are violating the State Legislature of Law and Constitution of Texas via; running Relator's sentences as one and not seperately, not providing parole certificate upon paroled sentence, not allotting money amount owed upon parole, operating good time credits to second sentence (when not utilized for paroled sentence), placing affirmative finding to Judgement and Conviction order by theory thru their own imposed will-without authority, Not honoring and utilizing the Residential Halfway Housing according to mandated law. Residents with a 3g conviction with no affirmative finding immediately qualify for this program (when good time, work time, and FLAT time accrue for parole eligibility under presumptive date.) This is Not Parole but TRANSITION HOUSING within a Residential Halfway House or House Arrest under Super Intensive Special Program, thus Pre Parole Program.

ISSUE ONE

Are state Agencies exempt from upholding Legislative law. Pursuant to the 1989 Texas House Bill 2335 Sec 8(d)(1)-(4) The Relator's sentences are to run seperately due to his convictions being stacked, yet Dir's: Texas Board of Criminal Justice, and Board of Pardons and Paroles are running both sentences as one.

ARGUMENT

Relator was convicted upon both sentences, and stacked. He is to do each sentence seperate. Texas Code of Criminal Procedure Art. 42.08, Tex Government Code § 508.150, and 1989 Texas House Bill 2335 Sec 8. (d)(1)-(4). Respondants are infringing upon the legislature of law by running Relator's sentences as one. In 2011, Relator was Paroled, on one sentence. In 2011 Relator was to be presented with his Parole Certificate - Pursuant to 1989 Tex HB 1044 Sec 500.016, and issued the money amount to receive as part of Parole - Pursuant to 1989 Tex HB 1044 Sec 500.015, neither were issued to Relator. Relator's good time credit made no bearing cause Relator did his sentence flat, thus not being awarded his Good time credits. why?

Relator rightfully brings this mandamus because he has no other remedy to such matter. Respondants are construing to carry over Relators; Parole Certificate, Amount of money to receive, and credits onto his second sentence, by which shows his presumptive date is November 29 2024 upon the Texas Board of Criminal Justice and

Relator and Party's of interest whom are "3g" without affirmative findings to their Judgements or Priors of affirmative findings, are being subjected to Respondants placing affirmative findings in their records, illegally, thus infringing on the qualified members to rightfully enter the Pre-Parole Program. Based on Respondants illegal actions; to change Relator's and Party's of interest Judgement commencement orders from the Court, as to their own accord, is unlawful.

Respondants are unauthorized to change the Judgements, which are actions of the Court(s), accordingly, calling into question - why the attempt to REASSERT the control as to the legislations intent.

The overall assertion to the Pre Parole Program is this created law, by HB 2335 "3g" without affirmative findings or Priors of affirmative findings are deemed "Low risk" and qualified upon their accrued time combined, to merit one, eligible to the program. Relators presumptive date via Tex Gov't Code § 508-151 reflects 29 November 2024 - entitling his efforts at Rehabilitation and Transitioning into society "smoothly" as the legislators so worded the House Bill.

Thru all efforts Relator has tried to grievance the matters however the Respondants designee has deemed Relators matters as NON-GRIEVABLE. See Copy attached Grievances # 2025036242 and 2025042061.

Said ultra vires Mandamus is brought through good faith and by no other remedy or means does Relator have to address the much needed matters of unauthorized actions by the Respondants.

Board of Pardons and Parole. The Respondants are acting above the created legislature of law, in which they are to follow. Relator seeks to have his 2011 Parole honored; via issue his Parole Certificate, amount of money to receive, and Good time credits.

ISSUE TWO

Relator and other party's of interest whom are "3g" pursuant to the Texas Code of Criminal Procedure and with no affirmative findings of a deadly weapon or prior affirmative findings with accrued time are being infringed upon by Respondant's NOT DIVERTING inmates to halfway housing or super intensive supervision program pursuant to 1989 Texas House Bill 2335.

ARGUMENT

Relator and party's of interest whom qualify to be divert to halfway housing or super intensive supervision program - pursuant to 1989 Texas House Bill 2335, are being impeded by Respondants, when such SHALL be utilized when party's of interest are eligible. It is upon the presumptive date Tex Government Code § 508.151 That governs as well. The entitlement to parole is NOT a liberty right, nor good time credits - via Madison v Parker 104 F.3d 765 (5CA 1997), however, Pre-Parole programs are - Thus indoctrined by the legislature, shall be utilized. Via; "SHALL" be. "SHALL" BE is a mandatory language, is it Not. Boykin v State 818 SW2d 782 (Court of Criminal Appeals 1991), Tex Government Code § 311.016, and Imagine API, LLC v Young 691 SW3d 831 (Tex 2024). HB 2335 is "embedded in stone", Thus to govern The Respondants, and to enforce policy or policies legislated.

# PRAYER FOR RELIEF

Respondent's were given The power to make decisions, only given The power to make correct decisions. when Their decisions are not correct, Then Their actions based on Those decisions is beyond Their authority and not The action of a sovereign, Relator's ultra vires is NOT an attempt to exert control over The State but attempt to REASSERT The control over The agents. Relator is NOT seeking to alter governmental policy or policies but rather to enforce existing Legislature Constitution Texas Government Code and State Law. Relator seeks Declaratory and Injunctive Relief to be GRANTED:

1. Parole Certificate for 2011
2. Amount of Money to receive for Parole in 2011
3. Good time credit (NOT utilized for Parole from 2011)
4. Sentences to run seperately
5. utilize Residential Halfway Housing or SISP which SHALL BE USED immediately For Relator and/or Party's of Interest.
6. Liability enforced upon officials - Respondent's altering Courts Judgement(s) from The original commencement sheet. Court Sanctions and any other actions deemed neccessary

Date: 19 January 2025

x [signature]
Michael Garrett
264 FM 3478 (E2)
Huntsville Texas 77320

# Oath

I verify that the above ultra vires is true correct and complete under penalty of perjury 28 USC 1746.

Date 19 January 2025

x [signature]
Michael Garrett

# Certificate of Service

I certify that the above has been mailed Pre-paid US Postage first class to the following:

15 th CoA @ Austin PO Box 12852 Austin Texas 78711

Attorney General of Texas PO Box 12548 Austin Texas 78711

Date 19 January 2025

x [signature]
Michael Garrett
264 FM 3478 (E2)
Huntsville Texas 77320

APPENDIX

GRIEVANCES EXHAUSTED

Board of Pardons and Paroles letter



# Texas Department of Criminal Justice

# STEP 1

## INMATE GRIEVANCE FORM

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | |
| Date Received: | |
| Date Due: | |
| Grievance Code: | |
| Investigator ID #: | |
| Extension Date: | |
| Date Retd to Inmate: | |

Inmate Name: GARRETT, MICHAEL TDCJ # 697364

Unit: E2/032 Housing Assignment: H2 120(6)

Unit where incident occurred: E2/032

**You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.**

Who did you talk to (name, title)? TDCJ and Parole When? 17 Dec 2024

What was their response? No Response

What action was taken? This Grievance

**State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.**

Resident brings this notice and complaint, timely, as to the accrued knowledge by presentation by Parole officer 17 Dec 2024 interview. Resident was advised that he was officially paroled back in 2011 on his 99 year sentence. This brings to the matter, he was not given his Parole certificate nor his amount of money to which he is entitled under Section 1 Chapter 104 Acts of the 43rd legislature 1st Called Session 1033 (Article 6166m, Vernons Texas Civil Statutes). Such disparate treatment and impact has been inflicted maliciously and wantonly.

The calculated BACK-TIME covers for the last 132 months ± Resident's EQUAL PROTECTION CLAUSE covered under the Fourteenth Amendment has duly been infringed upon. The TDCJ and Parole are governed by State law under the Civil Statute and United States Article VI cl. 2 Constitution - law of the land.

Accordingly, Resident seeks immediate retribution to the violation TDCJ and her designees (governed by TDCJ) have construed to run Resident's consecutive sentences as one - when such 1989 Tex HB 2335 directs each sentence imposed, is to run seperately. This truly shows obdurancy to comply to the Civil Statutes of law and Constitutional

DEC 23 2024

**YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM** **(OVER)**

law - state and federal.

MG DEC 2 3 2024

MG

**Action Requested to Resolve Your Complaint.**

full compensation to violation with accrued interest. No Retaliation/ harassment by the TDCJ and her designees so acting in violation of the color of law creating official oppression and abuse of office

**Inmate Signature:** GARRETT MICHAEL - [signature] **Date:** 20 Dec 2024

**Grievance Response:**

**Signature Authority:** ______ **Date:** ______

**If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.**

**Returned because:** ***Resubmit this form when corrections are made.**

- ☐ 1. Grievable time period has expired.
- ☐ 2. Submission in excess of 1 every 7 days. *
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☐ 5. No documented attempt at informal resolution. *
- ☐ 6. No requested relief is stated. *
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☑ 8. The issue presented is not grievable.
- ☐ 9. Redundant, Refer to grievance #______
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** K. Devore UGI III [signature]

**Application of the screening criteria for this grievance is not expected to adversely affect the inmate's health.**

**Medical Signature Authority:** ______

**OFFICE USE ONLY**

Initial Submission UGI Initials: KD

Grievance #: 2025042061

Screening Criteria Used: 999-#8

Date Recd from Inmate: DEC 2 3 2024

Date Returned to Inmate: DEC 2 3 2024

**2nd Submission** **UGI Initials:** ______

Grievance #: ______

Screening Criteria Used: ______

Date Recd from Inmate: ______

Date Returned to Inmate: ______

**3rd Submission** **UGI Initials:** ______

Grievance #: ______

Screening Criteria Used: ______

Date Recd from Inmate: ______

Date Returned to Inmate: ______

Texas Department of Criminal Justice

# STEP 1 OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: ______

Date Received: ______

Date Due: ______

Grievance Code: ______

Investigator ID #: ______

Extension Date: ______

Date Retd to Offender: ______

Offender Name: GARRETT, MICHAEL TDCJ # 697364

Unit: E2/032 Housing Assignment: H2 120(6)

Unit where incident occurred: E2/032

**You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.**

Who did you talk to (name, title)? Letters to Parole Exe Dir. TDR-BOT When? 2024

What was their response? No Response

What action was taken? This grievance

**State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate**

On this day December 2024, I am bringing this notice and complaint in regards, TDCJ and Designees as well as Parole Board are maliciously and obdurantly falsifying records in lieu to extend my eligibility and PERSPECTIVE RELEASE DATE - with a Disparate Treatment and Impact, violating Their Policies and Procedures as to Consecutive Sentences.

I PAROLED my 99 year sentence in 2011± and thus triggered my second sentence to begin. However, I've now met the requirement to be released as per The 1989 Tex SB 2335 and AD 04.37 Tx Dpt Crm Justice Consecutive Sentence Review (05 Sept 1997). My sentence date was NOT to over-ride the DATE of offense committed; for which the governed laws at that time carry-over, even to my Parole eligibility STACKING Consecutive Sentence.

AGAIN, MY offense OCCURRED - 28 December 1991. This shows my Back-time has not been ACCURATELY APPLIED by TDCJ and her designees and The BOT WAREHOUSE whom I've notified via Time Dispute Resolution prior to 29 NOVEMBER via 30 September 2024. Still No Response.

My Release, true is a privilege however TDCJ and her designees as well as The Parole Board are wrongfully applying The 1993 Tex SB 1067 (42.18 CCP). to extend my eligibility and PRESUMPTIVE Release date, violating my due course to procedure and policies - infringing upon my 10th Amendment Rights and 14th. Accordingly, if I am going to be unlawfully denied due course each day - (withhold due course) I should be reconfigured compensation at - one thousand five hundred dollars a day accordingly. Thank you for you time and courtesy and I pray this matter will be expediately corrected.

I-127 Front (Revised 11-2010) **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM** (OVER)

**Appendix F**

MG

MG

**Action Requested to resolve your Complaint.** Compensated the amount addressed until presumptive release date is honored. No Retaliation / harassment from TDCJ decisions or Parole

**Offender Signature:** GARRETT, MICHAEL – Michael Garrett **Date:** 05 Dec 2024

**Grievance Response:**

**Signature Authority:** ______________________ **Date:** __________

**If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.**

**Returned because:** ***Resubmit this form when the corrections are made.**

- ☐ 1. Grievable time period has expired.
- ☐ 2. Submission in excess of 1 every 7 days. *
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☐ 5. No documented attempt at informal resolution. *
- ☐ 6. No requested relief is stated. *
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☑ 8. The issue presented is not grievable.
- ☐ 9. Redundant, Refer to grievance #____________
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** K. Brumble UGI III [signature]

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** ______________________

**OFFICE USE ONLY**

Initial Submission UGI Initials: KB

Grievance #: 2025036242

Screening Criteria Used: 9999 #08

Date Recd from Offender: DEC 06 2024

Date Returned to Offender: DEC 06 2024

**2nd Submission** **UGI Initials:** ______

Grievance #: ______

Screening Criteria Used: ______

Date Recd from Offender: ______

Date Returned to Offender: ______

**3rd Submission** **UGI Initials:** ______

Grievance #: ______

Screening Criteria Used: ______

Date Recd from Offender: ______

Date Returned to Offender: ______

**I-127 Back** (Revised 11-2010)

**Appendix F**

**NON-GRIEVABLE ISSUES**

☐ Direct this issue to Director's Review Committee (DRC).

☒ Direct this issue to the Classification and Records – Time Credit Section.

☐ All reported uses of force are reviewed by designated use of force staff and will not be addressed through the grievance procedure

Grievance Investigator: K. Brumble UGI III 2493

Grievance Number: 2025036242



# STATE OF TEXAS
# BOARD OF PARDONS AND PAROLES

July 24, 2013

Mr. Michael Garrett
TDCJ-CID/SID # 00697364
McConnell Unit
3001 South Emily Drive
Beeville, Texas 78102

Dear Mr. Garrett:

This is to acknowledge receipt of your correspondence dated June 25, 2013.

The Board reviews all cases that are statutorily parole eligible, but the Board has no authority regarding parole eligibility dates. For the next offense in the series, you become parole eligible on November 29, 2024. TDCJ has sole authority and responsibility for all time calculations, including parole eligibility dates. For additional information about records and classification issues you may contact the TDCJ – Correctional Institutional Division, Classification and Records Section, P.O. Box 99, Huntsville, Texas 77340-0099.

Sincerely,

Joe Lange

Joe Lange
PO IV

cc: File

Texas Board of Pardons and Paroles, Central Office, 8610 Shoal Creek Blvd., Austin, Texas 78757
Phone (512) 406-5452 Fax (512) 406-5482 Offender Status Line: 1-800-535-0283

Michael
697364
264 FM 3478 (EZ)
Huntsville Texas 77320-3322

FREEDOM FOREVER/USA

FREEDOM FOREVER/USA

FREEDOM FOREVER/USA

15th Court of Appeals
PO Box 12852
Austin Texas 78711

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
JAN 30 2025
CHRISTOPHER A. PRINE
CLERK